UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE PROCTOR & GAMBLE COMPANY, : Case No. 1:17-cv-185
:
    Plaintiff, : Judge Timothy S. Black
vs. :
:
RANIR, LLC, :
:
    Defendant. :

## ORDER GRANTING MOTIONS TO SEAL

This civil case is before the Court on several motions to seal that remain pending as the Court prepares to enter an Order granting the motion of Ranir, LLC ("Ranir") to dismiss for improper venue. Though this case is terminating, the Court enters this Order for the purpose of ensuring compliance with the Sixth Circuit's mandate that court dockets are to remain open to the public except when there are compelling reasons for concealment.

## I.   INTRODUCTION

This is a patent-infringement case. On March 20, 2017, The Proctor & Gamble Company ("P&G") filed the Complaint, which alleges Ranir is infringing patents held by P&G used in tooth whitening strip products. (Doc. 1). P&G also filed a motion for preliminary injunction. (Doc. 8).

On April 17, 2017, Ranir filed an unopposed motion for leave to file its opposition to P&G's motion ("Opposition") under seal. (Doc.18). Ranir argued that its Opposition would cite, and attach, exhibits that P&G had labeled as "Confidential" or "Highly

Confidential – Attorney Eyes Only" in discovery. (*Id.*) Ranir requested that it be permitted to file the Opposition under seal in order to maintain the confidentiality of P&G's documents. (*Id.*)

On April 18, 2017, the Court entered an Order Conditionally Granting Ranir's request. (Doc. 19). The Court's Order explained that the Sixth Circuit requires a party moving to seal court records to set forth a compelling reason for the seal and demonstrate that the seal is narrowly tailored to that reason. (*Id.* at 3-4). However, the Court conditionally granted the motion in order to allow Ranir to timely file its Opposition, stating:

> Defendant's motion to file under seal (Doc. 18) is **CONDITIONALLY GRANTED.** Accordingly, Defendant may file its response to Plaintiff's motion for preliminary injunction under seal, however, the seal will expire in 30 days from filing unless (1) the parties successfully move to seal the filing (or portions of the filing) under the standards set forth by the Sixth Circuit Court of Appeals or (2) the parties move to extend the conditional period on the basis that a motion to seal is pending before this Court.

(Doc. 19 at 6).

On April 18, 2017, Ranir filed its Opposition entirely under seal. (Doc. 21).

On April 26, 2017, P&G filed a motion to file its reply in support of its motion for preliminary injunction ("Reply") under seal. (Doc. 24). On April 26, 2017, P&G filed an unredacted version of its Reply under seal (Doc. 25) and a redacted version on the public docket (Doc. 26).

On April 28, 2017, Ranir filed a motion to strike portions of P&G's Reply, or in the alternative, for leave to file a sur-reply in response to the Reply brief ("Motion for Sur-Reply") (Doc. 28). Ranir attached a redacted version of its proposed Sur-Reply

2

(Doc. 28-1) and filed a motion to file the complete, unredacted version of its proposed Sur-Reply under seal (Doc. 27).

On May 5, 2017, Ranir filed an opposition to P&G's motion to file the Reply brief under seal. (Doc. 31). Curiously, Ranir also requested that the Court lift the seal on Ranir's own Opposition, and deny Ranir's own motion for leave to file its proposed Sur-Reply under seal, on the grounds that the P&G documents Ranir cited, and attached, in those briefs are not entitled to be sealed. (*Id.* at 10-13).

On May 12, 2017, P&G filed a reply in support of its motion to seal its Reply brief and an opposition to Ranir's request to unseal its own Opposition and proposed Sur-Reply. (Doc. 33). P&G argues that Ranir's Opposition, P&G's Reply, and Ranir's proposed Sur-Reply all contain P&G's trade secrets and other confidential information which would harm P&G if made public. (*Id.*) P&G submitted a disk to Chambers which highlights the confidential information in each of these three briefs that P&G argues should be sealed and redacted on the public docket. (*Id.* at 4).

On August 17, 2017, the Court entered an Order granting Ranir's motion to dismiss for lack of venue and denying, as moot, P&G's motion for preliminary injunction (Doc. 8) and the Motion for Sur-Reply (Doc. 28). (Doc. 36). Because the Court did not rule on the merits of P&G's motion for preliminary injunction, whether or not the briefs are sealed are of little consequence for purposes of this litigation. In any event, the Court puts on this Order to ensure that its docket remains in compliance with the Sixth Circuit's mandate that court records are to be public absent compelling reasons for concealment.

## II. STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* That interest rests on several grounds. First, the public has an interest in understanding the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. *Id.* Second, the public has an interest in knowing the conduct which gave rise to the dispute. *Id.* Third, the public has an interest in ascertaining what evidence and records the Court relied upon in order to assess for itself the merits of judicial decisions. *Id.*

Accordingly, the Sixth Circuit has required parties wishing to seal documents on the Court's docket to provide "compelling reasons" justifying the seal, and further, to

4

demonstrate that the seal is "narrowly tailored to serve that reason." *Id.* A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) (citation omitted).

The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

### III. ANALYSIS

#### A. Ranir's Opposition.

Ranir initially sought leave to file its Opposition under seal because it cited to, and attached, documents P&G designated as confidential. (Doc. 18). Ranir filed the entire Opposition under seal. (Doc. 21). Ranir did not file a public, redacted version.

Now, Ranir has changed its mind and requested that the Court lift the seal on the entire filing. (Doc. 31 at 11). P&G argues the Opposition should be sealed, with a redacted version publicly available on the Court's docket. (Doc. 33 at 3). P&G submitted its proposed redactions to the Court.

Specifically, P&G proposed redactions to portions of: (1) the deposition of Dennis Legault, P&G's Brand Director for North America Oral Care, including exhibits used in Mr. Legault's deposition testimony (Doc. 21-1); (2) the declaration of Michael Bregenzer, Ranir's General Counsel (Doc. 21-6); (3) the declaration of Greg McCormick,

5

Ranir's Senior Vice President of Global Innovation and Technology (Doc. 21-15); and (4) the Opposition's citations to the aforementioned documents.

Upon review, the Court agrees with P&G's redactions. The redacted portions of these documents include, *inter alia*, P&G's market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy. P&G states that it maintains this information as confidential, and public disclosure of this information would allow competitors to have an inside look into P&G's business strategies. (Doc. 33 at 8). The Court agrees. The Court finds P&G has set forth compelling reasons in support of its redactions.

Further, P&G's redactions are narrowly tailored. Ranir's Opposition brief is 110 pages; P&G only proposed redactions to 15 pages. (Doc. 21). Ranir filed ten exhibits in support of its Opposition; P&G only proposed redactions to three.

Finally, the public interest will not be harmed by sealing Ranir's Opposition and providing a redacted version on the public docket. P&G's redactions do not conceal matters of great public interest. The Court did not rule on the merits of P&G's motion for preliminary injunction, so the limited redactions are not necessary for the public to evaluate any judicial decision or to understand the result of this litigation. Because the redactions are narrowly tailored, the public can still view the conduct which gave rise to this dispute.

For these reasons, Ranir's request to unseal its Opposition (Doc. 31 at 13) is **DENIED**. P&G's request to seal the Opposition and file a redacted version on the public docket (Doc. 33 at 13-14) is **GRANTED**.

**B.     P&G's Reply**.

Similarly, P&G requests that the Court seal portions of the Reply. (Doc. 24). P&G filed a complete version of the Reply under seal, which includes annotations signaling the proposed redactions (Doc. 25), and a public, redacted version of the brief (Doc. 26).

Specifically, P&G has proposed that the following information be sealed and redacted from the public docket: (1) portions of the Reply brief which contain sales and marketing data, strategic business plans, and provisions of confidential agreements (Doc. 25); (2) spreadsheets tracking sales trends at various retailers (Doc. 25-1, Ex. 2-4); (3) P&G's confidential marketing strategies and business plans (Doc. 25-1, Ex. 5); (4) a declaration from Paul Sagel, P&G Research Fellow, which contains confidential information about formulas and materials in P&G's products that was filed under seal in another (similar) lawsuit (Doc. 25-1, Ex. 6), and (5) a chart from Mr. Legault's deposition related to his testimony about P&G's financial data (Doc. 25-1, Ex. 7). P&G claims it would be severely harmed if any of this information was disclosed to its competitors, particularly anyone associated with Ranir other than its outside counsel. (Doc. 24 at 3-4).

Upon review, the Court agrees with P&G that its proposed redactions include confidential information, including trade secrets, that would harm P&G if made public. Accordingly, the Court finds P&G has set forth a compelling reason for the seal.

The Court further finds that P&G's redactions are narrowly tailored, as P&G only seeks to seal several pages from a 64-page brief.

Finally, for the reasons set forth in Section III.A, *supra*, the Court finds the public interest will not be harmed by sealing portions of P&G's Reply.

For these reasons, P&G's motion to file its Reply under seal (Doc. 24) is **GRANTED**. P&G's redacted Reply brief shall remain on the public docket; the complete document shall remain under seal.

**C.     Ranir's Motion to Strike**.

On April 28, 2017, Ranir filed a motion to strike portions of P&G's Reply which Ranir argues impermissibly raise new arguments for the first time. (Doc. 28 at 5-8). In the alternative, Ranir requested leave to file a Sur-Reply. (*Id.* at 8). Ranir filed a public version of the proposed Sur-Reply (Doc. 28-1) and a motion to file the complete Sur-Reply under seal (Doc. 27).

On August 17, 2017, the Court entered an Order granting Ranir's motion to dismiss for improper venue. (Doc. 36). As a result, the Court denied, as moot, P&G's motion for preliminary injunction and Ranir's Motion for Sur-Reply. (*Id.* at 11).

Accordingly, Ranir's motion to file its proposed Sur-Reply under seal (Doc. 27) is **DENIED AS MOOT**.

## IV.     CONCLUSION

For these reasons:

1. Ranir's request to lift the seal on its Opposition (Doc. 31 at 11-13) is **DENIED**;

2. P&G's request to seal Ranir's Opposition (Doc. 33 at 13-14) is **GRANTED**, and Ranir shall file a public version of its Opposition in accordance with P&G's redactions;

8

3. P&G's motion to file its Reply brief under seal (Doc. 24) is **GRANTED**; and

4. Ranir's motion to file its proposed Sur-Reply under seal (Doc. 27) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date: 8/17/17

*Timothy S. Black*
Timothy S. Black
United States District Judge