UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTOR & GAMBLE COMPANY, | : | Case No. 1:17-cv-185 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| RANIR, LLC, | : | |
| Defendant. | : | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 14)

This civil case is before the Court on the motion of Defendant Ranir, LLC ("Ranir") to dismiss the Complaint filed by Plaintiff The Proctor & Gamble Company ("P&G") for improper venue (Doc. 14), and the parties' responsive memoranda (Docs. 23, 30).

### I. BACKGROUND

**A. Introduction.**

The patent venue statute, 28 U.S.C. § 1400(b), provides that civil actions for patent infringement may be brought in the judicial district (1) "where the defendant **resides**" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."

The general venue statute, 28 U.S.C. § 1391(c)(2), states that corporate defendants in civil cases are "deemed to **reside**, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction[.]"

The procedural posture in this case is the result of uncertainty regarding where corporate patent defendants "reside" in light of previously conflicting decisions by the Supreme Court and the Federal Circuit concerning the relationship between § 1400(b) and § 1391.

In 1957, the Supreme Court concluded that, for purposes of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *See Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957). In so holding, the Supreme Court rejected the notion that § 1400(b) incorporated the broader definition of "residence" found in § 1391. *Id.* at 228. The Supreme Court reasoned:

> We think it is clear that § 1391(c) is a general corporation venue statute, whereas § 1400(b) is a special venue statute applicable, specifically, to *all* defendants in a particular type of actions, *i.e.*, patent infringement actions. In these circumstances the law is settled that "However inclusive may be the general language of a statute, it 'will not be held to apply to a matter specifically dealt with in another part of the same enactment. . . . . Specific terms prevail over the general in the same or another statute which otherwise might be controlling.'"

*Fourco*, 353 U.S. at 228-29.

In 1990, the Federal Circuit held that subsequent Congressional amendments to § 1391 effectively abrogated the rule announced in *Fourco*. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990). In 1988, Congress amended § 1391(c) to state, in part: "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *VE Holding*, 917 F.2d at 1578. The Federal Circuit held that inclusion of the language "for purposes of venue

2

under this chapter" incorporated and redefined the definition of "resides" in § 1400(b), which is also located in Chapter 28 of the United States Code. *Id.* at 1578-80. Accordingly, under the Federal Circuit's interpretation, a corporate defendant in a patent case was deemed to "reside" in every judicial district in which it was subject to personal jurisdiction. *Id.* at 1584.

### B. P&G's Complaint.

On March 20, 2017, P&G filed the Complaint. (Doc. 1). The Complaint alleges Ranir is infringing patents held by P&G used in tooth whitening strip products. (*Id.*) The Complaint argues Ranir is attempting to "ride on the coattails of P&G's success by selling tooth whitening strips that infringe P&G's patented technology." (*Id.* at ¶ 9). The Complaint seeks declaratory judgment, preliminary and permanent injunctions, compensatory damages, treble damages, pre-judgment interest, attorney's fees and costs. (*Id.* at 13).

The Complaint alleges that P&G is incorporated in Ohio with its principal place of business in Cincinnati, Ohio, and Ranir is a limited liability company organized under the laws of Delaware with its principal place of business in Grand Rapids, Michigan. (Doc. 1 at ¶¶ 1-2). The Complaint states the Court "has personal jurisdiction over Ranir under the Ohio long-arm statute (O.R.C. § 2307.382) because Ranir contracts to supply and has supplied tooth whitening strips that infringe P&G's intellectual property in this State and in this District" and "[v]enue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1400(b)." (*Id.* at ¶¶ 3, 5). The Complaint does not allege that Ranir has a regular and established place of business in this district.

On March 24, 2017, P&G filed a motion for preliminary injunction. (Doc. 8).

C. **Ranir's motion to dismiss.**

On April 4, 2017, Ranir filed a motion to dismiss for improper venue or, in the alternative, to stay the proceedings. (Doc. 14). Ranir argues that, pursuant to *Fourco*, corporate patent defendants "reside" only in their state of incorporation, and venue is improper in this district because Ranir is incorporated in Delaware and has its principal place of business in Michigan. (*Id.*). Ranir argues the Federal Circuit's interpretation of § 1400(b) announced in *VE Holding*, and upon which P&G relied in filing here, is "wrong." (*Id.*)

The motion also explained that the Supreme Court recently heard oral argument in *TC Heartland v. Kraft Foods* in which the Court would consider whether *Fourco* or *VE Holding* provided the proper interpretation of patent venue. (Doc. 14 at 5-6). In alternative to dismissal, Ranir requested that this Court stay the proceedings until the Supreme Court answered that question. (*Id.* at 6-11).

D. **The Supreme Court's decision in *TC Heartland*.**

On May 22, 2017, shortly after the motion to dismiss was fully briefed, the Supreme Court entered a decision in *TC Heartland v. Kraft Foods*, 137 S. Ct. 1514. The Supreme Court expressly held corporate patent defendants only "reside" for purposes of § 1400(b) in the state in which they are incorporated. *Id.* at 1520-21. After considering the holding of *TC Heartland* and its effect on this case, the Court enters the following decision.

## II. STANDARD

Any civil action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

A defendant may move to dismiss a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing proper venue after an objection to venue has been raised. *See Ring v. Roto-Rooter Servs. Co.*, No. 1:10-cv-179, 2010 U.S. Dist. LEXIS 108202, at * 9 (S.D. Ohio Sept. 28, 2010) (Dlott, J) (citation omitted). A district court has discretion to choose the appropriate procedure of deciding a motion to dismiss for improper venue: it may hold an evidentiary hearing or it may determine the motion without a hearing on the basis of the affidavits alone. *Id.*

## III. ANALYSIS

### A. Venue is improper in the Southern District of Ohio.

Ranir argues venue is improper under § 1400(b) because Ranir is not incorporated in Ohio. (Doc. 14 at 5-6). The Court agrees. *See TC Heartland*, 137 S. Ct. at 1520-21.

P&G offers several arguments in response to Ranir's motion. First, P&G originally argued that Ranir cannot rely on speculation that the Supreme Court will overturn *VE Holding*. (Doc. 23 at 2). That argument fails; as we now know, the Supreme Court did overrule *VE Holding*. *TC Heartland*, 137 S. Ct. at 1520.

Second, P&G argues that the Supreme Court did not "address whether its decision should be applied retroactively[.]" (Doc. 34 at 1). This argument fails for two reasons. Initially, "[w]hen [the Supreme Court] applies a rule of federal law to the parties before

5

it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all case still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." *Fusilamp, LLC v. Littlefuse, Inc.*, No. 10-20528, 2017 U.S. Dist. LEXIS 97771, at * 2 (S.D. Fla. June 12, 2017) (citation omitted). The fact that P&G filed this case prior to the Supreme Court's decision in *TC Heartland* does not mean it may proceed under an improper theory of venue. *See Blue Spike LLC v. Contixo Inc.*, No. 6:16-cv-1220-JDL, 2017 U.S. Dist. LEXIS 116749, at ** 2-10 (E. D. Tex. July 26, 2017) (granting defendant's motion to dismiss a patent-infringement complaint, filed in October, 2016, for improper venue in light of *TC Heartland*).

In any event, there is nothing to retroactively apply. The Supreme Court's decision makes it clear that *Fourco* was <u>always</u> correct and *VE Holding Corp.* was <u>always</u> wrong. *TC Heartland*, 137 S. Ct. 1520. This is demonstrated by the fact that courts have rejected the argument that *TC Heartland* is a "change" of law allowing defendants to raise previously waived venue challenges. *See Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190, 2017 U.S. Dist. LEXIS 106461, at * 7 (E. D. Tex. July 11, 2017) ("the Supreme Court itself expressly rejected the notion that venue law in patent cases changed after *Fourco*"); *Amax, Inc. v. Acco Brands Corp.*, No. 16-10695, 2017 U.S. Dist. LEXIS 101127, at *6 (D. Mass. June 29, 2017) ("Since 1957, the Supreme Court has consistently held that venue in patent cases is determined by 28 U.S.C. 1400(b)."); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-21, 2017 U.S. Dist. LEXIS 90728, at * 8 (E.D. Va. June 7, 2017) ("Based on the Supreme Court's holding in <u>TC Heartland</u>,

Fourco has continued to be binding since it was decided in 1957, and thus, it has been available to every defendant since 1957."); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-cv-04987, 2017 U.S. Dist. LEXIS 98698, at * 17 (N.D. Tex. June 27, 2017).

> As one court explained, *Fourco* has been the law since 1957:
>
> In *VE Holding,* the Federal Circuit clearly thought that Congress had implicitly overridden *Fourco* by statutory amendment. However, until the Supreme Court considered the question, *Fourco* remained the law. The intervening twenty-seven years may have created reliance on *VE Holding* by litigants, including [Defendant], but that 'does not change the harsh reality' that a party could have 'ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did.'

*Ilife Techs.*, 2017 U.S. Dist. LEXIS 98698, at * 17. Under this reasoning, *Fourco* has been the law for 60 years, and venue was never proper in this case.

Third, P&G argues Ranir failed to object to personal jurisdiction and accordingly is deemed to "reside" here for purposes of venue. (Doc. 23 at 5). In support of this argument, P&G cites several cases in which courts have denied a motion to dismiss for improper venue when the defendant waived its objection to personal jurisdiction. (*Id.*) The reasoning in these cases is that "not challenging personal jurisdiction in a motion to dismiss challenging venue concedes personal jurisdiction, which in turn establishes venue." *Twenty First Century Commc'ns, Inc. v. TechRadium, Inc.*, No. 2:09-cv-1118, 2010 WL 3001721, at * 4 (S.D. Ohio July 30, 2010) (Frost, J).

This argument fails. A defendant's waiver of personal jurisdiction can only "establish" venue if venue is proper everywhere the defendant is subject to personal jurisdiction. *TC Heartland*, 137 S. Ct. at 1520-21.

7

Fourth, P&G argues that the Court "has the power to issue a preliminary injunction before taking action on a motion alleging improper venue." (Doc. 34 at 2).

The Court does not agree. P&G cites to three cases in which the Court entered a preliminary injunction prior to transferring the case to another district: *C&A Plus, Inc. v. Pride Sols., LLC*, No. A3-02-118, 2003 U.S. Dist. LEXIS 13266 (D.N.D. Feb. 7, 2003); *Get in Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173 (D. Mass. 2016); and *Colley v. James*, No. 15-cv-1385, 2017 U.S. Dist. LEXIS 73363 (D. D.C. May 15, 2017). These cases are distinguishable: the court in each of these cases entered preliminary injunctive relief on claims that were subsequently transferred pursuant to § 1404, which means venue was <u>proper</u> in the first court but transferred to a more convenient court "in the interest of justice." This case is subject to § 1406 because venue is <u>improper</u>—not merely <u>inconvenient</u>—in this district.

Courts faced with an argument that venue is <u>improper</u> must resolve that issue prior to addressing the merits of any claim, including a preliminary injunction. *See Larson v. Galliher,* No. 2:06-cv-1471, 2007 U.S. Dist. LEXIS 2069, at * 3 (D. Nev. Jan. 5, 2007) ("Before reaching the merits of the cybersquatting allegation and corresponding request for injunctive relief, the Court must first decide the threshold issue if jurisdiction and venue is appropriate in this matter."); *Baldwin Hardward Corp. v. Harden Industries, Inc.*, 663 F. Supp. 82, 86 (S.D. N.Y. 1987) ("In light of our disposition of the venue issue, we decline to reach the merits of [plaintiff's] motion for a preliminary injunction."); *Budd Co. v. United States Dep't of Transp.*, 89 F.R.D. 555, 556 (E.D. Pa. 1981) ("Before this court can consider the merits of Budd's claim, particularly its motion for preliminary

8

injunction, it must address and decide the defendants' alternative motion to dismiss or transfer this action due to improper venue.").

Contrary to P&G's assertion, it is <u>reversible error</u> to address injunctive relief prior to a claim of improper venue:

> In measuring an application for a preliminary injunction, the Court must first determine if plaintiff has adequately set forth jurisdiction and venue when it is challenged. Plaintiff argues that prior to deciding whether plaintiff is properly in federal court, and/or in the correct district, that this Court must decide the motion for a preliminary injunction. The cases plaintiff cites for this proposition are not persuasive, nor has my research uncovered authority to support plaintiff's contention. In fact, the cases suggest the opposite result. *Maybelline Co. v. Noxell Corp.*, 813 F.3d 901 (8th Cir. 1987); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.,* 245 U.S. App. D.C. 242, 760 F.2d 312 (1985); *Dollar Sav. Bank v. First Sec. Bank of Utah*, 746 F.2d 208 (3rd. Cir. 1984). In these cases, preliminary injunctions issued by District Courts were vacated by the Court of Appeals because the District Courts had erred in not first establishing whether or not venue was properly placed in the respective District Courts where the actions were initiated.

*U.S. Golf Ass'n v. U.S. Amateur Golf Ass'n*, 690 F. Supp. 317, 319 (D. N.J. 1988).

Fifth, P&G requested, in an off-the-record letter emailed to Chambers and Ranir, that P&G be permitted to conduct limited discovery relating to the issue of venue. P&G argues it should be afforded the opportunity to conduct discovery on the extent of Ranir's connections to Ohio to see whether venue is proper under the <u>other</u> prong of § 1400(b), *i.e.*, whether Ranir has a "regular and established place of business" in Ohio.

The Court does not agree with this approach and overrules P&G's request for discovery. P&G could have argued in its opposition to the motion to dismiss that venue was proper because Ranir has a "regular and established place of business" in Ohio. It

9

did not.  Instead, P&G argued, exclusively, that venue was proper because Ranir is subject to personal jurisdiction here.  As the Supreme Court clarified, that is not the law. *TC Heartland*, 137 S. Ct. at 1520-21.  At this point, the Court will not allow P&G to switch theories to take a second bite at the apple, especially when doing so would require Ranir to engage in a second round of discovery and briefing in a district in which P&G's original basis for venue has already been proven incorrect.

### B. This Court will dismiss the Complaint.

Having determined that the venue is improper in this district, the Court is instructed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

The Court cannot conclude that the interest of justice requires a transfer.  The parties spent the entirety of their briefing on the motion to dismiss debating which statute applied to patent venue and predicting the outcome and effect of *TC Heartland*.  Aside from the assertions that Ranir is incorporated in Delaware and has its principal place of business in Michigan, neither party submitted any evidence as to what other districts, if any, this case "could have been brought" in, nor did the parties submit any substantive argument as to why it would (or would not) be in the interest of justice to transfer this case to any one of those judicial districts.

Because the Court is without the facts and arguments necessary to conclude that the interest of justice requires a transfer to any particular judicial district, it will dismiss this case, without prejudice, and allow P&G to choose a proper venue from those judicial districts available to it in light of the Supreme Court's decision in *TC Heartland*.

## IV. CONCLUSION

For these reasons, Ranir's motion to dismiss (Doc. 14) is **GRANTED**. P&G's motion for preliminary injunction (Doc. 8) and Ranir's motion to strike or, in the alternative, for leave to file a sur-reply (Doc. 28) are **DENIED AS MOOT**. This case is **DISMISSED without prejudice** to refiling in a proper judicial district. The Clerk shall docket a judgment accordingly, whereupon this case is **TERMINATED** in this Court.

**IT IS SO ORDERED**.

Date: 8/17/17

*Timothy S. Black*
Timothy S. Black
United States District Judge